IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FIRAS M. AYOUBI (2012-1207168), | ) |
| Plaintiff, | ) |
| v. | ) Case No. 14 C 3331 |
| | ) Judge Ruben Castillo |
| MARK SMITH, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Firas M. Ayoubi, a pretrial detainee, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that he was unreasonably seized by police on two occasions, his right to equal protection was violated through racially profiling, and an officer used excessive force during one seizure. Presently before the Court is Defendants' motion for summary judgment. For the reasons stated herein, Defendants' motion for summary judgment is denied.

## NORTHERN DISTRICT OF ILLINOIS LOCAL RULE 56.1

Local Rule 56.1 sets out a procedure for presenting facts pertinent to a party's request for summary judgment pursuant to Fed. R. Civ. P. 56. Specifically, Local Rule 56.1(a)(3) requires the moving party to submit "a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to judgment as a matter of law." *Petty v. City of Chicago*, 754 F.3d 416, 420 (7th Cir. 2014). Each paragraph of the movant's statement of facts must include "specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph." L.R. 56.1(a). The opposing party must file a response to each numbered paragraph in the moving party's statement, "including, in the case of any disagreement, specific references to the affidavits, parts of the

record, and other supporting materials relied upon." L.R. 56.1(b)(3)(B). "All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." L.R. 56.1(b)(3)(C). The nonmoving party may also present a separate statement of additional facts "consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon." L.R. 56.1(b)(3)(C). "[I]f additional material facts are submitted by the opposing party . . ., the moving party may submit a concise reply in the form prescribed in that section for a response." L.R. 56.1(a).

Because Plaintiff is proceeding *pro se*, Defendants served him with a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" as required by Northern District of Illinois Local Rule 56.2. (Dkt. 129.) The notice explained how to respond to Defendants' summary judgment motion and Rule 56.1 Statement and cautioned Plaintiff that the Court would deem Defendants' factual contentions admitted if he failed to follow the procedures delineated in Local Rule 56.1. (*Id.* at 2-3.)

In response to Defendants' submissions, Plaintiff filed a "statement of disputed facts" responding to Defendants' proposed statements of undisputed facts (Dkt. 142 at 1-15), a "response in opposition to Defendants' motion for summary judgment" (Dkt. 142 at 16-51), and several exhibits (Dkt 142 at 52-175). In response to Defendants' proposed statements of undisputed facts, Plaintiff failed to cite to material in support of the facts he disputed. Those statements are deemed admitted. *Frey Corp. v. City of Peoria, Ill.*, 735 F.3d 505, 513 (7th Cir. 2013). However, the Court will not accept Defendants' version of the facts, to the extent that they are

unsupported by the cited evidence or to the extent that Plaintiff has identified contrary evidence in the record or fact disputes to which he could properly testify.

Notwithstanding the issues with Plaintiff's compliance with Local Rule 56.1, the Court, consistent with the standards governing summary judgment and Plaintiff's *pro se* status, has liberally construed Plaintiff's submissions. The Court construes the resulting record in the light most favorable to Plaintiff. *Sistrunk v. Khan*, 931 F. Supp. 2d 849, 854 (N.D. Ill. 2013); Fed. R. Evid. 602. With these standards in mind, the Court turns to the relevant facts.

## FACTS

Defendant Mark Smith was employed as a Cook County Sheriff's Police Officer working patrol in the Skokie district during times relevant to Plaintiff's allegations. (Dkt. 127, Defs. Stmt. ¶ 2.) On August 29, 2012, between approximately 3:00 p.m. and 4:00 p.m., Smith initiated a traffic stop of Plaintiff's vehicle. (*Id.* ¶ 3.) Prior to being pulled over, Plaintiff was driving on a residential street in unincorporated Cook County near an apartment complex in Crestwood. (*Id.* ¶ 4.) Plaintiff does not know the name of the street. (*Id.*) Smith made a "sharp U-turn," and after pulling over Plaintiff's vehicle, approached the vehicle and instructed Plaintiff to put down his window. (*Id.* ¶ 5.) Plaintiff asked Smith why he was pulled over. (*Id.* ¶ 6.) Plaintiff testified that Smith then told him to "shut the fuck up," and asked Plaintiff and the two passengers in the vehicle how they knew each other, if they were going to buy drugs, and if they were in possession of any drugs. (*Id.*) Plaintiff told Smith how the passengers knew each other and what they were doing and then handed Smith his driver's license and an insurance card. (*Id.* ¶ 7.) Smith returned to his vehicle for approximately five minutes. (*Id.*) Plaintiff testified that Smith returned to Plaintiff's vehicle and stated "I know you have something – a Spanish and a black

motherfucker in a car and you expect me to believe you don't have anything." (*Id.* ¶ 8.) Smith also told Plaintiff that he "was going to bring the dogs." (*Id.* ¶ 9.) Smith issued Plaintiff a traffic ticket for disregarding a stop sign and a traffic ticket for failing to have proof of valid insurance. (*Id.* ¶ 10.) Plaintiff admits he did not have proof of current insurance at the time of the traffic stop. (*Id.* ¶ 11.)

Smith never asked Plaintiff to exit his vehicle, never searched the vehicle, and never made any physical contact with Plaintiff or the passengers in the vehicle. (*Id.* ¶ 12.) Plaintiff describes Smith's tone of voice during the stop as a little bit higher than normal tone, and not screaming. (*Id.* ¶ 14.)

Smith has no memory of the traffic stop because it was a long time ago and he has performed thousands of routine traffic stops like this one. (*Id.* ¶ 18.) Smith avers that he never initiated a traffic stop of any person because of that person's race. (*Id.* ¶ 19.) In Smith's opinion, a person's race does not make it more likely than not that they will be in possession of illegal substances and race has nothing to do with whether that person will be arrested. (*Id.*)

Plaintiff testified that sometime after the August 29, 2012 traffic stop, he encountered Smith and another unknown officer in the parking lot of a residential apartment complex in Crestwood. (*Id.* ¶ 21.) Plaintiff approximates the time as around 3:00 a.m. and estimates that it took place a month or two after the first encounter. (*Id.* ¶ 23.) At the time of this encounter, Plaintiff was driving through the parking lot of the apartment complex looking for a parking space to park a large black Mercedes Sprinter van he was driving. (*Id.* ¶ 25.) Two Cook County Sheriff police officers, Smith and unknown John Doe, put on their red and blue lights and stopped him. (*Id.* ¶ 26.) Smith came to Plaintiff's door and told Plaintiff to unlock the doors. (*Id.* ¶ 30.)

After Plaintiff unlocked the doors, Smith removed Plaintiff from the vehicle. (*Id.* ¶ 31.) Plaintiff testified that Smith slammed him into the side of the vehicle, squeezed his neck, and struck him in the right rib. (Plaint.'s Dep. 92:7-93:4.) Smith searched Plaintiff while the other unknown officer searched the vehicle. (*Id.* ¶¶ 31, 34.) After searching Plaintiff, Smith searched the vehicle while the other officer watched. (*Id.* ¶ 34.) Plaintiff testified that Smith told him to "get some new friends" during the encounter. (*Id.* ¶ 38.) The unknown officer never physically touched Plaintiff or spoke to him. (*Id.* ¶ 33.) Plaintiff was not placed in handcuffs and went home after the encounter. (*Id.* ¶ 36.)

Smith denies the Crestwood apartment encounter ever occurred. (*Id.* ¶ 41.) During the period of August 1, 2012 to December 31, 2012, Smith only worked the 2:00 p.m. to 12:00 a.m. shift as a Cook County Sheriff's Police Officer in the Skokie Unit on patrol. (*Id.* ¶ 42.) Smith did not work any overtime shifts during the period of August 1, 2012 to December 31, 2012. (*Id.* ¶ 43.) Smith has never driven his police vehicle outside of his assigned hours of duty as a Cook County Sheriff's Police Officer. (*Id.* ¶ 44.) Smith never researched Plaintiff's criminal history and is unaware of Plaintiff's criminal history. (*Id.* ¶ 44.)

## SUMMARY JUDGMENT STANDARD

Defendants move for summary judgment in their favor and against Plaintiff. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Jajeh v. County of Cook*, 678 F.3d 560, 566 (7th Cir. 2012). When addressing a motion for summary judgment, this Court construes the facts and makes all reasonable inferences in favor of the non-movant. *Jajeh*, 678 F.3d at 566. The Court's role is "to determine whether there is a genuine

issue for trial." *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (citations and quotations marks omitted). The Court "may not 'weigh conflicting evidence' . . . or make credibility determinations." *Omnicare, Inc. v. UnitedHealth Group., Inc.*, 629 F.3d 697, 704 (7th Cir. 2011) (citations omitted); *see also Tolan*, 13 S. Ct. at 1866.

After a properly supported motion for summary judgment is made, the party opposing summary judgment "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. To do so, the opposing party must go beyond the pleadings and designate specific facts showing the existence of a genuine issue for trial. *Hemsworth v. Quotesmith.Com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007). Moreover, evidence submitted in opposition to summary judgment must be admissible at trial under the Federal Rules of Evidence, although attested testimony, such as that found in depositions or affidavits, also will be considered. *Id.*; *Scott v. Edinburg*, 346 F.3d 752, 759-60 & n.7 (7th Cir. 2003). The Court's job as to "a summary judgment motion is not to weigh evidence, make credibility determinations, resolve factual disputes and swearing contest, or decide which inferences to draw from the facts." *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). Although a Court considers facts and reasonable inferences in the light most favorable to the non-moving party, *Zuppardi v. Wal-Mart Stores, Inc.*, 770 F.3d 644, 649 (7th Cir. 2014), the non-movant must show more than disputed facts to defeat summary judgment—disputed facts must be both genuine and material. *Scott v. Harris*, 550 U.S. 372, 380 (2007). Summary judgment is appropriate if, on the evidence provided, no reasonable juror could return a verdict in favor of the non-movant. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Gordon v. FedEx Freight, Inc.*, 674 F.3d 769, 772-73 (7th Cir. 2012).

## I. Traffic Stop on August 29, 2012

Smith first argues that he they had probable cause to stop Plaintiff on August 29, 2012, as evidenced by the issuance of the traffic ticket for failing to stop at a stop sign. A traffic stop and detention of an individual constitutes a seizure under the Fourth Amendment. *Phelan v. Vill. of Lyons*, 531 F.3d 484, 488 (7th Cir. 2008). A traffic stop violates the Constitution if it is unreasonable under the circumstances of the stop. *Id.* A traffic stop is considered reasonable if the police officer "has probable cause to believe that a traffic violation has occurred." *Id.* (internal citations and quotations omitted). In determining whether probable cause existed, the court's "focus" must be "on the facts [the officer] knew at the time that he decided to stop the vehicle." *Carmichael v. Vill. of Palatine*, 605 F.3d 451, 458 (7th Cir. 2010). "Probable cause exists if at the time of the arrest, the facts and circumstances within the officer's knowledge are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Mucha v. Vill. of Oak Brook*, 650 F.3d 1053, 1056 (7th Cir. 2011) (internal quotation marks omitted).

Here, Smith does not recall the traffic stop due to the amount of time since the stop. Smith relies upon the fact that a ticket was issued to Plaintiff for not stopping at the stop sign and he would not have given Plaintiff a ticket for such unless that is what he observed. Importantly, Plaintiff denies not stopping at a stop sign and does not believe there was any reason for Smith to pull him over. Smith's assertion that he would not have issued a ticket unless he observed a violation, without being able to recall the events at all, is insufficient to rebut Plaintiff's assertion

7

that he did not violate any traffic laws. *See Williams v.* Brooks, 809 F.3d 936, 943 (7th Cir. 2016) (finding habit-based argument by plaintiff that he had the habit of using his turn signal was insufficient to rebut police officer's testimony that he did not see plaintiff use his turn signal). In light of dispute regarding whether Plaintiff did or did not stop at the stop sign, summary judgment on Plaintiff's Fourth Amendment claim for this stop must be denied. *See Norris v. Bartunek*, No. 15 C 7306, 2017 WL 390274, at * 5-6 (N.D. Ill. Jan. 27, 2017) (finding genuine issues of material fact as to whether probable cause existed for the traffic stop required denial of defendant's motion for summary judgment).

Smith also argues that Plaintiff has failed to demonstrate that he stopped Plaintiff due to racial profiling. Racial profiling constitutes a violation of the Equal Protection Clause. *Sow v. Fortville Police Dept*, 636 F.3d 293, 303 (7th Cir. 2001). To succeed on an equal protection claim, Plaintiff must demonstrate that Smith's conduct (1) had a discriminatory effect and (2) was motivated by a discriminatory purpose. *Chavez v. Ill. State Police*, 251 F.3d 612, 635-36 (7th Cir. 2001). To show a discriminatory effect, Plaintiff must demonstrate that: (1) he is a member of a protected class, (2) he is otherwise similarly situated to members of the unprotected class, and (3) he was treated differently than members of the unprotected class. *Id.* at 636; *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005). Based on Smith's disputed statement, Plaintiff was perceived to be Hispanic. A plaintiff may demonstrate that he was treated differently from other similarly situated individuals by identifying such individuals or through the use of statistics. *Chavez*, 251 F.3d at 636.

Plaintiff first attempts to demonstrate he was treated differently from other similarly situated individuals through the use of statistics. Plaintiff avers that he conducted research via the

8

internet and Freedom of Information Act requests and identified 179 stops by police officers in the Skokie District for instances relating to suspicious persons, possession of drugs and traffic offenses. Of the 179 stops, Plaintiff was able to learn the names of 72 of the motorists and occupants involved the 179 stops. Based on their names, Plaintiff avers that 49 had Hispanic surnames, 5 to 10 had Caucasian names and approximately 12-13 had African American names. Plaintiff argues that because the Skokie District is primarily Caucasian based on census data, these statistics show that minorities are stopped by police in disproportionate numbers. Plaintiff's argument fails to demonstrate a discriminatory effect because it is based solely on speculation of the race of the motorist based on Plaintiff's belief of the race of the motorist/occupant simply due to the motorist's name. The Court must ensure that "any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993). In doing so, the Court must "determine whether the evidence is genuinely scientific, as distinct from being unscientific speculation...." *Rosen v. Ciba–Geigy Corp.*, 78 F.3d 316, 318 (7th Cir. 1996). Plaintiff's proffered "evidence" is in fact mere speculation as to race. Although the Court must draw inferences in Plaintiff's favor as the nonmoving party, the Court may not "draw[ ] inferences that are supported by only speculation or conjecture." *Brown v. Advocate S. Suburban Hosp.*, 700 F.3d 1101, 1104 (7th Cir.2012). Thus, Plaintiff's use of "statistics" fails to demonstrate a genuine issue of material fact as to discriminatory effect.

Plaintiff next relies upon his allegation that Smith made a derogatory statement, based on Smith's apparent belief that Plaintiff was Hispanic, that a Spanish and black person together in a car must have something [illegal] on them. As Smith does not have any memory of the traffic stop, he has not testified that he did not make the statement. Plaintiff argues that the statement

demonstrates that the only reason Smith stopped Plaintiff was because he believed Plaintiff was Spanish and his presence with two African-Americans must mean that they were engaged in illegal drugs in some manner. Plaintiff argues that if he was Caucasian, Smith would not have stopped him. The alleged statement by Smith supports Plaintiff's argument and presents a genuine issue of material fact as to both the discriminatory motivation and effect of stopping Plaintiff vehicle – *i.e.*, whether Smith pulled Plaintiff over only because he perceived him as being Hispanic and must be involved in illegal drugs because of his perceived race. *See DeWalt v. Carter*, 224 F.3d 607, 612n. 3 (7th Cir. 2000) (racially derogatory language "is strong evidence of racial animus, an essential element of any equal protection claim"); *cf. U.S. v. Barlow*, 310 F.3d 1007, 1012 (7th Cir. 2002) (defendant failed to demonstrate racial profiling, in part because agents did not make any racial comments).

## II. Second Alleged Traffic Stop After August 29, 2012

Defendants argue that summary judgment should be granted as to all of Plaintiff's claims related to the alleged second stop because that stop never occurred. Plaintiff testified that Smith and the John Doe officer stopped his vehicle again in an apartment complex parking lot. Plaintiff does not know the specific date of the stop but estimates it was a month or two after the August 29, 2012 stop. He also approximates the time as around 3:00 a.m. However, Smith has set forth undisputed facts that from August 1, 2012 through December 31, 2012 (more than the time frame in question) he only worked the 2:00 pm. through 12:00 a.m. shift, he did not work any overtime during this period, and he never used his patrol vehicle outside of his assigned hours. Thus, Smith argues he could not have pulled over Plaintiff in his patrol vehicle as alleged by Plaintiff.

Smith relies upon the three-hour time discrepancy and Plaintiff's inability to identify the specific date of the alleged second stop in support of summary judgment. Plaintiff, however, has consistently averred that the 3:00 a.m. time period was an approximation and he does not know the exact time and has been unable to find any evidence of the stop through discovery. Lack of additional corroborating evidence does not mean the second stop did not occur. After all, the only undisputed evidence of the first stop is the tickets that were issued, and no tickets were issued on the second stop. Making all inferences in Plaintiff's favor as the Court must do at this stage; a reasonable jury could return a verdict in favor of Plaintiff as to whether the second stop and the alleged excessive force occurred. Accordingly, summary judgment must be denied.

The John Doe officer, however, will be dismissed. When including an unnamed officer in his complaint, Plaintiff has the burden "of taking the steps necessary to identify the officer[s] responsible for his injuries." *Strauss v. City of Chicago*, 760 F.2d 765, 770 n.6 (7th Cir. 1985). While this lawsuit was originally filed three years ago and the parties have engaged in extensive discovery, neither Plaintiff's counsel prior to his withdraw nor Plaintiff thereafter sought to amend the complaint to identify and serve the John Doe Defendant. Because the John Doe Defendant has not been served with summons, this Court lacks jurisdiction over him, and he must be dismissed. *Strauss*, 760 F.2d at 770 ("John Doe was never served with summons and a copy of the complaint, so that the district court lacked jurisdiction over him. In this situation, dismissal of both parties was proper."); *Williams v. Rodriguez*, 509 F.3d 392, 402 (7th Cir. 2007) (noting that discovery is a plaintiff's opportunity to identify unknown and unnamed defendants and that the failure to do so before discovery closed warranted dismissal of unknown and unnamed defendants from the case).

## CONCLUSION

For the above reasons, the motion of summary judgment [126] is denied. However, the John Doe officer is dismissed. In light of the denial of summary judgment, the Court recruits Lisa Lundell Wood of Blegen and Garvey, 53 West Jackson Blvd., Suite 1437, Chicago, Illinois, 60604, to represent Plaintiff in this action pursuant to counsel's Trial Bar obligation under Local Rule 83.11(h). Counsel is encouraged to visit the Court's Pro Bono web page at http://www.ilnd.uscourts.gov/Pages.aspx?page=ProBono (case sensitive) for various resources related to pro bono representation.

The recruited attorney falls within the class of users listed in the Electronic Public Access fee schedule adopted by the Judicial Conference of the United States, therefore, the above-named attorney shall be exempt from the payment of fees for access via PACER to the electronic case files maintained in this court for the above-captioned case and the previous cases filed in this court by this plaintiff (13-cv-8343, 13-cv-8556, 13-cv-8983, 14-cv-0050, 14-cv-0051, 14-cv-0549, 14-cv-0602, 14-cv-1701, 14-cv-1703, 14-cv-4306, 14-cv-5089, 14-cv-5179, 16-cv-2191, 17-cv-1464) only. The assigned attorney shall not be exempt from the payment of fees incurred in connection with other uses of the PACER system in this court. This exemption is valid immediately and for the duration of the attorney's participation in the matter. This exemption may be revoked at the discretion of the Court at any time. The attorney shall contact the PACER Service Center at 1-800-676 6856 or via the link below to make any necessary arrangements for the waiver. A copy of this order shall be sent to the PACER Service Center at http://www.pacer.psc.uscourts.gov/register.html. A copy of this order shall also be sent to the Systems Department of the Northern District of Illinois.

This case is set for status on December 12, 2017, at 9:45 a.m. The parties are to discuss potential resolution of this lawsuit prior to the status date.

Date: November 1, 2017

Rubén Castillo
Chief District Judge